PECK (FLETCHER v.). See Case No. 4,865.
PECK (JOHNSON v.). See Case No. 7,404.

## Case No. 10,890.

### PECK v. LAUGHLIN.

[8 Wkly. Notes Cas. 188; 14 Phila. 531; 37 Leg. Int. 18; 21 Alb. Law J. 94.]

District Court, E. D. Pennsylvania. Dec. 29, 1879.

ADMIRALTY—JURISDICTION—BREACH OF CONTRACT TO PURCHASE CARGO.

[Admiralty will not take cognizance of a libel for a breach of a contract to purchase a cargo for a vessel with her funds, although such contract is contained in a charter party stipulating for the carriage of the cargo.]

[Cited in The New Hampshire, 21 Fed. 927.]

Libel, upon a charter party, by Peck and others against Laughlin, the master of the schooner Clytie.

Upon September 8, 1877, the schooner was discharging cargo at Marseilles, France. Fitz Bros., of Boston, ship brokers, being desirous of effecting a charter for a cargo of salt, but not being the agents of the vessel, telegraphed the master as follows:

"Can charter Hyers Boston eight. Fitz."

To this telegram the master telegraphed answer as follows:

"Fix Boston Hyers eight. Laughlin."

Upon September 10th Fitz made and delivered to Peck & Sons, the libellants, a charter party on behalf of the vessel, stipulating for the carriage of a cargo of salt from Hyers to Boston, and stipulating, moreover, that the salt should be purchased with the vessel's funds, and thereupon telegraphed the master again as follows:

"Purchase, ship's funds, cargo Hyers best white salt, same as shipped here this last year. Draw J. Peck & Sons, with bill of lading and invoice. Fitz."

The master had no knowledge of the charter party being made, except from the foregoing telegrams. He proceeded to Hyères, endeavored to purchase a cargo of salt upon the credit of a draft on libellants, and, supposing he had succeeded, wrote, upon September 13th, to Fitz Bros. as follows:

"I have bought the salt on account of Peck & Sons, and will draw on them as soon as the salt is aboard and bill of lading signed, and will forward invoice and B. L., that Peck may insure if he wants to. Shall commence to load the 20th inst. Laughlin."

This letter was duly received and shown to libellants. Soon after its date, the master, finding that he could not purchase the salt upon the credit of the draft, and having no ship's fund at his disposal, sailed without cargo, and so notified Fitz Bros. This suit was brought by Peck & Sons, who alleged damage by reason of their having acted on the letter and telegrams. There was a dispute as to Fitz's agency, but the facts were found for the respondent.

W. W. Wiltbank and J. Warren Coulston, for libellants.

Henry R. Edmunds, for respondent, denied the jurisdiction.

BUTLER, District Judge. But if the facts were as stated by the libellants no recovery, in my judgment, could be had here. The complaint is substantially for the breach of a contract [by the master of a vessel] to purchase salt. Such a contract is not maritime, and this court has not, therefore, jurisdiction over any complaint growing out of it. That it is joined to a contract of affreightment, and found in a charter party, can make no difference, I think. Incidental matters connected with a maritime contract, over which a court of admiralty would otherwise have no cognizance, may thus be drawn within its jurisdiction. But this contract to purchase salt was not an incident of the contract to carry it. Its performance was preliminary to the latter taking effect. The plaintiff had no cargo to which the contract to carry could be applied, and both parties knew this. It was to take effect when the defendant made the purchase stipulated for, and could not before. The books show no instance of the exercise of admiralty jurisdiction, I believe, over failure to keep such a contract; but, as I think, several cases to the contrary. Alberti v. The Virginia [Case No. 141]; Waterbury v. Myrick [Id. 17,253]; The Tribune [Id. 14,171]; L'Arina v. Manwaring [Id. 8,089]; Willard v. Dorr [Id. 17,680]; Torices v. The Winged Racer,—Oct., 1858,—[Id. 14,102].

The libel must, therefore, be dismissed. Decree accordingly.